UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:
ASTRO TEL, INC.,

    Debtor.
_____/

ASTRO TEL, INC.,

    Plaintiff,

v.                    Case No. 8:11-mc-00059-T-33
                    Bankruptcy Case No. 8:10-bk-29992-MGW
                    Adv. Pro. No. 8:11-ap-00342-MGW

VERIZON FLORIDA, LLC and
VERIZON COMMUNICATIONS INC.,

    Defendants.
_____/

**ORDER**

    This cause comes before the Court pursuant to Defendants Verizon Florida, LLC and Verizon Communication Inc.'s (collectively "Verizon") Motion to Withdraw the Reference (Doc. # 1). Plaintiff/Debtor Astro Tel, Inc. ("Astro Tel") has not filed a response to this motion.

    On March 29, 2011, Astro Tel filed an adversary proceeding, 8:11-ap-00342-MGW, against Verizon in bankruptcy court. The Complaint alleges that Verizon engaged in unlawful and anti-competitive actions including monopolization, attempted monopolization, monopoly leveraging and tying - all in violation of the Sherman Antitrust Act, 15 U.S.C. §§ 1-2. See Verified Complaint in Adv. Proc. No. 8:11-ap-00342-MGW at ¶¶ 55-73. Astro Tel also alleges that, in violation of the federal Racketeer Influenced and

Corrupt Organizations Act, 18 U.S.C. §§ 1961-62, Verizon entities worked together to defraud Astro Tel while impairing its ability to compete in the telephone services market. Id. at ¶¶ 74-88. Further allegations include violations of the Lanham Act, 15 U.S.C. § 1125(a). Id. at ¶¶ 89-92. There are additional state law causes of action alleged in the Complaint, including tortious interference, unfair competition, business defamation, civil conspiracy and unjust enrichment.  Id. at ¶¶ 93-128.

The United States Code grants bankruptcy jurisdiction to Article III district courts pursuant to 28 U.S.C. § 1334(b), which states that "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." The United States Code further provides in 28 U.S.C. § 157(a) that each district court may refer all cases arising under, arising in or related to Title 11 proceedings to the bankruptcy judges for the district. In re Gunnallen Fin., Inc., No. 8:10-cv-2855-T-24, 2011 WL 398054, at *1 (M.D. Fla. Feb. 3, 2011). As such, bankruptcy courts obtain jurisdiction over cases and proceedings brought pursuant to the bankruptcy code only by referral at the discretion of the district courts. Control Center, L.L.C. v. Lauer, 288 B.R. 269, 273 (M.D. Fla. 2002).  This Court has a standing order referring all bankruptcy matters to the bankruptcy court. In re Gunnallen, 2011 WL 398054, at *1; In re Hvide Marine Inc., 248 B.R. 841, 842 n.1 (M.D. Fla. 2000).

Because the jurisdiction of a bankruptcy court is obtained

only by referral, Congress has also provided a mechanism for a district court to withdraw any such reference of a case or proceeding in bankruptcy. Control Center, L.L.C., 288 B.R. at 273-74. Section 157(d) provides for both permissive withdrawal and mandatory withdrawal as follows:

> The district court *may* withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court *shall*, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d)(emphasis added). The first sentence addresses "permissive withdrawal," and the second sentence, "mandatory withdrawal." In re Hvide Marine Inc., 248 B.R. at 843 (citing In re Am. Body Armor & Equip., Inc., 155 B.R. 588, 590 (M.D. Fla. 1993)).

On April 22, 2011, Verizon filed its Motion to Withdraw the Reference of the adversary proceeding pursuant to § 157(d). Verizon submits that withdrawal of the reference is mandatory or, in the alternative, permissive withdrawal would also appropriate. Mandatory withdrawal under § 157(d) requires that the following be established: (1) the adversary proceeding must involve a substantial and material question of both title 11 and non-bankruptcy code federal law; (2) the non-bankruptcy code federal law must have more than a *de minimis* effect on interstate commerce; and (3) the motion for mandatory withdrawal must be timely. In re Nat'l Gypsum Co., 145 B.R. 539, 541 (N.D. Tex. 1992); see also In

3

re Sec. Bank Corp., No. 09-52409-JTL, 2010 WL 2464966, at *3 (M.D. Ga. June 14, 2010); In re Am. Body Armor & Equip., Inc., 155 B.R. at 590; In re TPI Int'l Airways, 222 B.R. 663, 667 (S.D. Ga. 1998).

These requirements reflect Congressional "intent to keep non-bankruptcy questions in district courts, which are more experienced at handling questions of non-bankruptcy federal law than the specialized bankruptcy courts." In re Contemporary Lithographers, Inc., 127 B.R. 122, 128 (M.D.N.C. 1991).

Upon due consideration, the Court finds that withdrawal of the reference is mandatory. First, resolution of Astro Tel's Complaint will require "substantial and material consideration" of the Sherman Act, the RICO Act and the Lanham Act. Substantial and material consideration of non-bankruptcy code law requires more than mere presence of non-bankruptcy code law. In re Am. Body Armor & Equip., Inc. 155 B.R. at 590. However, substantial and material consideration is required when "the resolution of non-bankruptcy law [is] essential to the dispute." In re TPI Int'l Airways, 222 B.R. at 668. Because the non-bankruptcy code federal laws predominate the Complaint, resolution of those issues is essential to the dispute. In addition, these statutes, by their very nature, require substantial and material consideration of non-bankruptcy code federal law. See, e.g., Burger King Corp. v. B-K of Kan., Inc., 64 B.R. 728, 731 (D. Kan. 1986)(finding that a claim of trademark infringement and antitrust and RICO counterclaims entailed "material and substantial consideration" of non-bankruptcy code federal law). Therefore, the non-bankruptcy code laws at issue

4

require substantial and material consideration.

Next, it must be determined whether the non-bankruptcy code federal law questions have more than a *de minimis* effect on interstate commerce. Verizon asserts that the Sherman Act, the RICO Act and the Lanham Act regulate organizations or activities affecting interstate commerce far more than to a *de minimis* degree. (Doc. # 1-6). Section 1 of the Sherman Act states, "[e]very contract . . . in restraint of trade or commerce *among the several States*. . . is declared to be illegal." 15 U.S.C. § 1 (emphasis added). Therefore, interstate commerce is essential to a Sherman Act violation. Section 1962 of RICO requires a similar nexus between a defendant's conduct and interstate commerce. 18 U.S.C. § 1962. Additionally, Congress enacted the Lanham Act specifically "in order to provide national protection for trademarks used in interstate and foreign commerce." Park 'N Fly, Inc. v. Dollar Park & Fly, Inc., 469 U.S. 189, 193 (1985). This Court agrees that the non-bankruptcy code federal laws involved have more than a *de minimis effect* on interstate commerce.

Finally, Verizon timely filed its motion within thirty days after commencement of the adversary proceeding.[1] See M.D. Fla. Bankr. R. 5011-1(b)(2). With no compelling argument to the contrary, the Court agrees that, "in cases such as this one, withdrawal of the reference is properly and routinely found to be

---

[1]The Complaint was filed on March 29, 2011. Verizon filed this motion with the Bankruptcy Court on April 22, 2011.

5

mandatory under section 157(d)."[2] Doc. # 1-7.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants' Motion to Withdraw the Reference (Doc. # 1) is **GRANTED**.

(2) The Clerk is directed to withdraw the reference of the adversary proceeding, 8:11-ap-00342-MGW.

**DONE** and **ORDERED** in Chambers in Tampa, Florida this 30th day of September, 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record

---

[2]The Court notes that although it need not address Verizon's alternative grounds for permissive withdrawal, withdrawal "for cause" would be appropriate as the claims are non-core and Astro-Tel has made a demand for a jury trial. See Control Center, L.L.C., 288 B.R. at 274.