UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ASTROTEL, INC.,

      Plaintiff,

v.                           Case No. 8:11-cv-2224-T-33TBM

VERIZON FLORIDA, LLC and
VERIZON COMMUNICATIONS, INC.,

      Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendants Verizon Florida, LLC and Verizon Communications, Inc.'s Motion to Strike Portions of Plaintiff's Second Amended Complaint and to Dismiss Plaintiff's Second Amended Complaint (Doc. # 57), filed on June 14, 2012. Plaintiff AstroTel, Inc., filed a Response to Verizon's Motion to Dismiss on July 12, 2012. (Doc. # 60). Verizon filed a Reply with leave of Court (Doc. # 63) on July 27, 2012. For the reasons that follow, the Court denies the Motion.

**I.   Procedural Background**

Plaintiff Astrotel filed its Amended Complaint against Verizon on October 3, 2011, alleging that Verizon engaged in conduct in violation of antitrust, RICO, and state law. (Doc. # 9). Specifically, Astrotel alleged the following counts: (count 1) monopolization, (count 2) attempted monopolization, (count 3) monopoly leveraging, (count 4) tying, (count 5)

civil RICO, (count 6) Lanham Act, (count 7) tortious interference with contract, (count 8) interference with prospective business relations, (count 9) unfair competition, (count 10) business defamation and disparagement, (count 11) civil conspiracy, (count 12) unjust enrichment, (count 13) equitable accounting, and (count 13) injunctive relief. Subsequently, Verizon filed a Motion to Dismiss (Doc. # 27) seeking the dismissal of each count. On May 4, 2012, this Court entered an Order granting the Motion to Dismiss in part. (Doc. # 49). Specifically, the Court dismissed without prejudice and with leave to amend counts 4-6, 8, and 11-13 and otherwise denied the Motion to Dismiss.

On May 15, 2012, Astrotel filed its Second Amended Complaint (the "SAC") containing the following counts: (count 1) monopolization, (count 2) attempted monopolization, (count 3) monopoly leveraging, (count 4) civil RICO, (count 5) tortious interference with contract, (count 6) unfair competition, (count 7) business defamation and disparagement, (count 8) civil conspiracy, and (count 9) injunctive relief. (Doc. # 52).[1] Verizon responded to the SAC by filing its so-

_____

[1] Although given the opportunity to do so, Astrotel did not amend its counts alleging tying, Lanham Act violations, interference with prospective business relations, unjust enrichment, and equitable accounting. Astrotel has abandoned

called Motion to Strike and Motion to Dismiss on June 14, 2012, seeking the dismissal of each count of the SAC.  In actuality, except as to the amended RICO count and civil conspiracy count, the present Motion to Strike and Motion to Dismiss is a motion for reconsideration.  As explained by Astrotel, this Court previously found that Astrotel's antitrust (counts 1-3 of the SAC), tortious interference with contract (count 5 of the SAC), unfair competition (count 6 of the SAC), and business defamation (count 7 of the SAC) counts satisfied Rule 12(b)(6).  Accordingly, Verizon's current attempt to strike or dismiss is, in essence, a thinly-veiled motion for reconsideration as to counts 1-3 and 5-7--counts that this Court has already found to be sufficiently alleged. Thus, this Court will evaluate Verizon's motion as to counts 1-3 and 5-7 pursuant to the standards appropriate for a motion for reconsideration.

As Astrotel amended its civil RICO count and civil conspiracy count (counts 4 and 8 of the SAC) after the dismissal of such counts without prejudice, Verizon's Motion to Dismiss as to counts 4 and 8 will be addressed pursuant to Rule 12(b)(6).

---

these claims.

3

## II.   Motion for Reconsideration

### A.   Legal Standard

Federal Rules of Civil Procedure 59(e) and 60 govern motions for reconsideration. Ludwig v. Liberty Mut. Fire Ins. Co., Case No. 8:03-cv-2378-T-17-MAP, 2005 U.S. Dist. LEXIS 37718, at *6 (M.D. Fla. Mar. 30, 2005). The time when the party files the motion determines whether the motion will be evaluated under Rule 59(e) or Rule 60. Id.  A Rule 59(e) motion must be filed within 28 days after the entry of the judgment or order. Motions filed after the 28-day period will be decided under Federal Rule of Civil Procedure 60(b). Here, the Court's Order dismissing certain counts without prejudice and allowing Astrotel to amend (Doc. # 49) was filed on May 4, 2012, and Verizon's construed Motion for Reconsideration was filed on June 14, 2012. As the Motion was not filed within 28 days of the Court's Order, the Motion will be addressed pursuant to Rule 60(b).

It is within the Court's discretion to grant a motion for reconsideration. Lussier v. Dugger, 904 F.2d 661, 667 (11th Cir. 1990). Arguments in favor of granting reconsideration must be balanced against the desire to achieve finality in litigation. Id. As stated in Florida College of Osteopathic

<u>Medicine, Inc. v. Dean Witter Reynolds, Inc.</u>, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." <u>Lamar Adver. of Mobile, Inc. v. City of Lakeland</u>, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

Rule 60(b), Fed.R.Civ.P., is available to relieve a party from a final judgment or order for the following reasons:

> (1)   mistake, inadvertence, surprise, or excusable neglect;
> (2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3)   fraud . . . misrepresentation, or misconduct by the opposing party;
> (4)   the judgment is void;
> (5)   the judgment has been satisfied . . .; or
> (6)   any other reason that justifies relief.

Rule 60(b), Fed.R.Civ.P.

Whether asserted under either Rule 59 or 60, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." <u>Ludwig</u>, 2005 U.S. Dist. LEXIS 37718, at *11 (internal citation omitted).

**B.   <u>Analysis</u>**

Here, Verizon attempts to relitigate issues already decided by the Court.  Verizon asserts that Astrotel's remaining antitrust counts (counts 1-3 of the SAC) are subject to dismissal as a matter of law pursuant to Verizon Communications, Inc. v. Law Offices of Curtis v. Trinko, 540 U.S. 398 (2004); Covad Communications v. Bellsouth Corp., 374 F.3d 1044 (11th Cir. 2004); Covad Communications v. Bell Atlantic Corp., 398 F.3d 666 (D.C. Cir. 2005); and Cavalier Telephone, LLC v. Verizon Virginia, Inc., 330 F.3d 176 (4th Cir. 2003).

Verizon previously asserted the very same arguments, citing the very same cases, in its initial Motion to Dismiss, and this Court rejected such arguments.  Nothing has changed since the entry of the Court's Order on Verizon's initial Motion to Dismiss.  There has not been a change in controlling law, the discovery of new evidence, or new factual developments warranting reconsideration.  In addition, Verizon has not presented arguments regarding mistake, fraud, or any other factor militating in favor of reconsideration. Verizon's re-hashed arguments and  previously tendered cases do not warrant reconsideration of the Court's prior Order finding the antitrust claims sufficient pursuant to Rule 12(b)(6) and Twombly.  Accordingly, the construed Motion for

Reconsideration is denied as to counts 1-3 of the SAC.

In addition, as to the state law claims asserted in counts 5-7 of the SAC, Verizon simply argues that the Court should decline to exercise supplemental jurisdiction over these pendant state law claims after the dismissal of the federal counts.  As the Court has determined that the federal antitrust claims are sufficient at this juncture, the Court denies the Motion for Reconsideration as to counts 5-7 of the SAC.

III. **Rule 12(b)(6) Motion to Dismiss**

    A.    **Legal Standard**

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff.  Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004).  Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint.  Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide

the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

**B.    Analysis- RICO**

The Court previously dismissed Astrotel's RICO claims with leave to amend after finding that Astrotel failed to allege the predicate acts (mail and wire fraud) with specificity. The Court explained that "AstroTel fails to plead the necessary 'who, what, when, where, and how' of the alleged fraud as required by Rule 9(b)." (Doc. # 49 at 15)(citing Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1237 (11th Cir. 2008)).

Although Astrotel has filed amended RICO allegations, Verizon maintains its argument that the predicate acts are not described with sufficient particularity. Furthermore, Verizon asserts that the RICO claim is deficient because Astrotel failed to allege scienter to support its allegations of mail

and wire fraud.   In addition, Verizon asserts that further amendment of the RICO claim would be futile because Astrotel cannot demonstrate that Defendants are distinct from the RICO enterprise.

Astrotel's amended RICO count spans twenty pages of the seventy-five page SAC and asserts claims pursuant to 18 U.S.C. §§ 1962(b),(c), and (d). (Doc. # 52 at 42-62).[2]   Astrotel argues that its amended paragraphs 35, 39, 40, 41, 49-54, and 84-111 allege with specificity Verizon's racketeering activity.   At this preliminary juncture, this Court agrees. In addition, while the Court concurs with Verizon that specific allegations of scienter are required pursuant to Republic of Panama v. BCCI Holdings (Luxembourg), S.A., 119

_____

[2] The RICO provisions at issue state:

(b) It shall be unlawful for any person through a pattern of racketeering activity or through  collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.
(c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.
(d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b) or (c) of this section.
18 U.S.C. §§ 1962(b)-(d).

F.3d 935, 949 (11th Cir. 1997), the Court determines that Astrotel's allegations of intent or scienter pass muster at the Rule 12(b)(6) stage.

Finally, at this preliminary juncture, the Court declines to dismiss with prejudice the SAC based on Verizon's argument that Astrotel cannot demonstrate that Defendants are distinct from the RICO enterprise. As explained in <u>Kushner Promotions, Ltd. v. King</u>, 533 U.S. 158, 161 (2001), "to establish liability under § 1962(c) one must allege and prove the existence of two distinct entities: (1) a 'person;' and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." Verizon correctly argues that "RICO forbids the imposition of liability where the enterprise is nothing more than a subdivision or part of the person." (Doc. # 57 at 9)(citing <u>United States v. Goldin Indus.</u>, 219 F.3d 1271, 1276 (11th Cir. 2000)).

Astrotel does not present any opposition to Verizon's argument that the SAC fails to show distinctness between a RICO person and a RICO enterprise. However, the Court notes that "distinctness is a fact-intensive inquiry that is not driven solely by formal legal relationships." <u>Lockheed Martin Corp. v. Boeing Co.</u>, 314 F. Supp. 2d 1198, 1212 (M.D. Fla.

10

2004).  Thus, the Court determines that it is appropriate to deny the Motion to Dismiss and allow this case to proceed to the summary judgment stage.  Verizon's fact-intensive arguments are better suited for disposition under Rule 56, with reference to the materials on file obtained during discovery.[3]

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Defendants Verizon Florida, LLC and Verizon Communications, Inc.'s Motion to Strike Portions of Plaintiff's Second Amended Complaint and to Dismiss Plaintiff's Second Amended Complaint (Doc. # 57) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>27th</u> day of August 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

---

[3] Verizon does not advance any independent arguments in support of the dismissal of Astrotel's civil conspiracy claim, except that it should be dismissed as a pendant state law claim.  The Court thus denies the Motion to Dismiss as to that claim.

Copies:  All Counsel of Record